# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

### No. 300
### JOKINEN v. ANDERSON CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5526. Decided March 3, 1925.

Judges Warden, Crow and Hughes of 3rd District, sitting.

951. PRINCIPAL AND AGENT—When agent does not act in good faith to his principal, he is not entitled to his commission.

HUGHES, J.

This action was brought by Jack Jokinen to require the Wallace Anderson Co to make an accounting and to have a third mortgage held by it impressed with a trust in his favor. Jokinen listed his property with the Anderson Co., real estate brokers, authorizing it to sell the same for $7,800, and agreeing to pay 4 per cent commission on the selling price. When the sale was made the Company was required to refinance the property and negotiate a new loan of $3,200. The property was sold for $7,800 and a first mortgage for $3,200 was executed to the Loan Co., Jokinen took a second mortgage for $3,100, and a third mortgage was taken by the Anderson Co. for $1,000. The purchaser had paid $500 down on the purchase price.

In an accounting that was made, it was shown that there were expenses together with the Company's commission, which was charged at four per cent of $7,000. This exhausted the down payment and left a balance of $200 due the company on its commission.

Jokinen claims that the Anderson Co. represented to him that the property had been sold for $7,000 and he had no information whatsoever that the additional $800 had been given for the property, nor that the third mortgage taken by the Company was to cover the $1,000 instead of the $200, the commission due it. The Anderson Co. on the other hand, claims that Jokinen knew the property had been sold for $7,800, but he had given the $800 in consideration that his second mortgage would be discounted by it so as to enable him to buy another property. It seems that another property had been listed with the Anderson Co., giving it authority to sell for $11,500. Jokinen was procured to sign an agreement in which he agreed to purchase it for $12,800; and the company alleges that it was to take in

his second mortgage. Jokinen prays to have the third mortgage held by the company impressed with a trust in his favor. The Court of Appeals held:

1. The evidence shows that the company, in every opportunity that arose sought to take unfair and fraudulent advantage of its client.

2. A broker must act in perfect good faith with his client or principal, conceal nothing pertinent, and if he does not, he is not entitled to his commission.

3. We find that the third mortgage should be the mortgage of Jokinen, and that he be given judgment for $800, the commission collected by the company. The company is ordered to transfer back the mortgage with proper endorsement, within 10 days, to pay amounts that have been collected and received by it on the third mortgage. Judgment accordingly.

Attorneys—Sylvester Marx for Jokinen; Crosser, Bishop and Blythin for Company; all of Cleveland.